UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KESHENIA MARGARET PAWAROO,

                Plaintiff,

-against-

YVES LANGO; DOMINIKA LANGO;
SILVESTER LANGO, MD,

                Defendants.

15-CV-4215 (LAP)

ORDER OF DISMISSAL

---

LORETTA A. PRESKA, Chief United States District Judge:

      By order dated March 30, 2016, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 as Defendants Yves Lango, Dominika Lango, and Silvester Lango, MD, are private parties who do not work for any state or other government body. The Court construed Plaintiff's claims that Defendant Yves Lango sexually harassed her and that Defendants Sylvester and Dominika Lango were aware of the sexual harassment and did nothing to prevent it, as claims under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). The Court granted Plaintiff leave to file a second amended complaint to set forth any facts showing that her employer is covered by Title VII and to allege that she has exhausted her administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"). On April 26, 2016, Plaintiff filed a second amended complaint. For the reasons set forth below, the action is dismissed.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In her amended complaint, Plaintiff included various allegations about improprieties in her workplace, such as working 10 to 12 hours daily and not being provided a lunch break and not being paid overtime, not being permitted to be on the phone for more than a minute with patients, and not being permitted to smile, greet or have conversations with patients. Plaintiff asserts that on September 8, 2009, August 2010, and September 6, 2011, Defendant Yves Lango sexually harassed her by appearing naked in front of Plaintiff, grabbing her, and stating "suck my dick." Plaintiff asserts that all three incidents occurred in Defendant Silvester Lango's office, where Plaintiff was employed as a medical assistant. Plaintiff asserts that she informed both Defendant Sylvester Lango and Defendant Dominika Lango, the father and mother of Defendant Yves Lango, of the incidents. Plaintiff alleges that both Sylvester and Dominika Lango were aware that their son was sexually harassing her, but they did nothing to prevent it. Plaintiff alleges further that she now suffers from mental illness and receives monthly medication management and weekly individual psychotherapy.

Plaintiff's second amended complaint repeats the same allegations as included in her amended complaint.

**DISCUSSION**

Plaintiff's second amended complaint is devoid of facts showing any deprivation of her federal rights. As the Court directed in its March 30, 2016 order, Plaintiff fails to allege facts showing that Defendant Silvester Lango, MD, employs "fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year . . ." and is therefore subject to Title VII. 42 U.S.C. § 2000e(b); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006) ("Title VII's 15-employee threshold is an element of a claim for relief"). Plaintiff's allegations therefore fail to state a claim upon which relief may be granted. Plaintiff's second amended complaint fails to set forth facts showing any deprivation of her federal rights, and the second amended complaint is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014) (noting that motion for leave to amend "may properly be denied if the amendment would be futile . . . because the proposed new pleading fails to state a claim on which relief can be granted"). Plaintiff amended her complaint once and was

---

[1] Plaintiff also fails to allege that she has exhausted her administrative remedies by filing a timely charge with the EEOC. As a general rule, a plaintiff must commence a civil action within ninety days of receipt of notice of dismissal or termination of proceedings by the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). Although equitable considerations may apply under specified circumstances — such as when Plaintiff has received inadequate notice from the EEOC, where affirmative misconduct on the part of a defendant lulled the Plaintiff into inaction, or if Plaintiff has relied on the court's assurances, *id*. at 151-52 — "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," *id*. at 152.

given another opportunity to amend her complaint, and the allegations of her second amended complaint fail to state a claim on which relief can be granted. The Court therefore declines to grant Plaintiff further leave to amend as it appears that it would be futile.

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket. Plaintiff's second amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 18, 2016
       New York, New York

　　　　　　　　　　　　　　　　　　　　*Loretta A. Preska*
　　　　　　　　　　　　　　　　　　　　LORETTA A. PRESKA
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge